Seawell, J.
delivered the Judgment of the Court:
In determining this case the question necessarily presents itself, whether it appears by the return on the subpœna, that the defendant was summoned: and we are all of opi *441 nion that it does not. The law considers every Court cognizant of the officer to whom it authorises such Court to direct its precepts: And when return is made, the officer is presumed, in law, to have come personally into Court and there to have been recognized in virtue of his commission: and hence it was unnecessary at common law, to make any return upon the writ otherwise than “ executed," or the like. The statute of Edward 2, however required that the return should be made in the proper name of the sheriff. When a precept then is directed to the sheriff of a particular county and is returned, and appears to have been executed by a person who was sheriff, the presumption exists that he was sheriff, until it shall be alleged otherwise by plea; and if the party affected does any act in aid of this presumption, as by pleading to the action, he becomes forever concluded.—2 L. Ray. 884. 1 Sal. 265.
Again:—Such high confidence does the law repose in the integrity and ability of such officers, that their acts are in most instances, conclusive upon the parties; and this in consideration of the dignity presumed to be attached to the character of him who is appointed to so important an office, and of the oath also, and the sureties of such officer, truly to execute the same. But with respect to a person deputed by the sheriff to act for him, this Court cannot judicially know him, because his authority to act rests upon the private delegation of the sheriff; and a strong authority in this point is Woodgate v. Knattchbull, 2 Term Rep. 148. per Buller Just. and 2 Bla. Rep. 834.
In the present case it is not pretended that Edmond Prince, in whose name the return is made, was the sheriff; and if it was, the fact appears otherwise, by the return itself; for he signs “ Edmond Prince, D. S.” a character perfectly understood in this State, to mean deputy sheriff. The subpœna then is directed to the sheriff of Chatham, commanding him to summon the defendant, and it is certified to be *442 executed by an individual, who (to make the most of the case) certifies that he is the deputy of the sheriff.
The return of a sheriff upon a precept is upon oath, and, equal to the affidavit of a respectable citizen, and that is the reason why it concludes a party; but the return in the present case, contains no greater verity than the certificate of John Doe. Prince may have been the deputy, and the subpœna may have been served ; but we cannot recognize a return made in the name of any other person than the officer appointed by law. If such officers are required to make the return in their own name, then there is the security the law intended for the citizen ensured by the return.
If we were to sustain such a return, it is placing it in the power of any individual to make a return upon a precept, provided he will add, ‘D. S.’ There is, moreover, an incurable objection to the scire facias—no sum being stated to have accrued by the forfeiture; and in a case brought up by a judge for his own sake, this Court will look into everything which incontrovertibly appears in the proceedings.
Wherefore, we are all of opinion, that the return of the deputy sheriff cannot be respected, and that there be judgment for defendant.